CHESHIRE MILLS *v.* GOWING & a.

Equity will not interfere by injunction where the right of the complainant is doubtful and the facts are not definitely ascertained.

The court will not undertake to adjust the respective rights of parties in reservoirs until it is established that one or the other has exceeded his right.

BILL IN EQUITY, praying that the rights of the plaintiffs and defendants in the waters of certain privileges and reservoirs may be fixed and determined by the court, and that the defendants be forever enjoined from so using the waters of said privileges as to interfere with the rights of the plaintiffs in the same. Facts found by a referee.

The defendants own woollen-mills at the outlet of Harrisville pond, in Harrisville, which were built in 1836. The plaintiffs own woollen-mills on the same stream below those of the defendants, and built at a later date. The relative situation of the mills is such that, except in times of high water, the plaintiffs ordinarily receive the water on their wheels only after it has passed through the wheels of the defendants. Certain other ponds discharge their waters into the Harrisville pond, and are used as reservoirs by the parties, but their respective rights therein are in controversy. By lowering the outlets and raising the dams at these reservoirs, at various times since 1850, the water-supply of the mills has been increased fifty per cent. The expense of these improvements was largely borne by the plaintiffs.

From the situation of the mills, the defendants are able, by running their mills at unusual hours, to exhaust the Harrisville pond earlier than when confining their work to the usual running, hours. A part of their mills have occasionally been run extra hours, thereby compelling the plaintiffs to stop their mills, or to draw

upon the reservoirs sooner than they otherwise would, and thus diminishing the water-supply at an earlier period than would be required should all the mills be confined to the usual running time. In seasons of drought the supply of water is insufficient.

The referee made no finding as to the reasonableness of the defendants' use of the water in the above respect, but his report states that all of the mills now have "wheels of the most approved pattern," and "that in the running of such mills . . . some branches of the work will at times fail to be equal with that of others. In order to restore that equality, it then becomes necessary either to run those parts of the machinery out of the usual hours, or to stop the general work of the mill to allow those behind to come up with it. This inequality is usually small, but it appears that, with ordinary and reasonable management in the present perfection of machinery adjustments, it is liable in all mills to occur."

*Batchelder & Faulkner*, for the plaintiffs.

*B. Wadleigh*, for the defendants.

BLODGETT, J. There is no difficulty in this case. It appears from the facts reported by the master that the defendants' mills were built in 1836, and there being nothing to show that they are now operated in respect of time differently from what they have always been since their erection, no case is made for the remedial interposition of the court by way of injunction. Indeed, from aught that appears, the defendants may well have acquired a prescriptive right to operate their mills in the manner they are now operated; and, moreover, it is not even found that such operation is an unreasonable use of their rights as mill-owners and riparian proprietors. At most, the plaintiffs only show that they are injured by the defendants' use of the water; but this fact of itself plainly affords no sufficient ground for the exercise of the summary authority which is invoked.

Nor is any case made requiring the court to fix and determine the rights of the parties in the waters of the reservoirs named in the bill, for, in this respect, the plaintiffs' sole ground of complaint is, that the defendants, by running their mills at unusual hours, have improperly exhausted the supply of water in the Harrisville pond, and thus have compelled the plaintiffs to stop their mills, or draw from the reservoirs above sooner than they otherwise would, and to their injury. But until it is established that in respect of time or amount of water the defendants have exceeded their rights in the Harrisville pond, there can be no occasion to determine the rights of the parties in the reservoirs, nor will the court undertake to adjust them.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.